IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL MARTELL AND<br>SILVIO MARTELL,<br>wife and husband,<br>            Plaintiffs,<br><br>    v.<br><br>ELIZABETH L. PALMER, ARLENE<br>E. HOWELL, BUDGET RENTAL<br>COMPANY, DONALD P. CELLA,JR.,<br>A.T.D. CONTRACTING, INC. and<br>JOHN DOE RESPONSIBLE PARTIES<br>1-5 INCLUSIVE,<br>            Defendants,<br><br>    v.<br><br>MICHAEL HURD,<br>            Third-Party<br>            Defendant,<br><br>    v.<br><br>BUDGET RENT-A-CAR SYSTEMS, INC.,<br><br>            Garnishee. | Civil Action No. 01-1071 |

O P I N I O N

DIAMOND, D.J.

Defendant/third-party plaintiff Elizabeth L. Palmer ("Palmer") is pursuing a garnishment action in which she seeks entry of judgment in the amount of $15,000 against garnishee Budget Rent-A-Car Systems, Inc. ("Budget"). The garnishment matter arises in connection with this personal injury lawsuit that

was commenced after a motor vehicle accident.  Presently before the court is Palmer's motion for summary judgment (Document No. 87) and Budget's cross-motion for summary judgment (Document No. 92).  For the following reasons, Budget's summary judgment motion will be granted and Palmer's summary judgment motion will be denied.

## Standard of Review

Federal Rule of Civil Procedure 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to the party's claim and upon which that party will bear the burden of proof at trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The court has reviewed each party's respective motion and response thereto in accordance with these standards.  Based on the evidence of record and the briefs filed in support of summary judgment and in opposition thereto, the court concludes that summary judgment should be entered in favor of Budget.

Undisputed Factual Background

This case arose out of a motor vehicle accident that occurred on July 10, 1999 on Interstate 279 North. Plaintiffs Carol and Silvio Martell filed suit against a number of defendants for injuries sustained by Carol Martell in that accident.

The accident occurred when defendant Arlene Howell ("Howell"), who was operating a vehicle owned by Budget and which Budget had rented to third-party defendant Michael Hurd ("Hurd"), stopped the vehicle in the left hand lane of Interstate 279 North. Donald Cella, who was operating a vehicle owned by A.T.D. Contracting, Inc.,[1] came to an abrupt stop behind Howell's vehicle. Palmer, who was traveling behind Cella, then rear-ended Cella's vehicle. Carol Martell was a front seat passenger in Palmer's vehicle. As a result of the accident, Carol Martell suffered multiple injuries.

As stated, when the accident occurred, Howell was operating a vehicle which Budget had rented to Hurd. Budget rented the vehicle to Hurd pursuant to a standard form Budget rental agreement, a form copy of which is attached to Palmer's summary judgment motion. See Palmer's Summary Judgment Motion (Document No. 87) ("Palmer's Motion"), Exhibit C. Budget does not dispute the authenticity of the rental agreement attached as Exhibit C to

---

[1]Cella and A.T.D. Contracting were dismissed as defendants in this case.

Palmer's motion, or that such form was used when it rented the vehicle to Hurd. See Budget's Response to Palmer's Concise Statement of Material Facts ("Budget's Response") (Document No. 90), ¶14.

Palmer was insured by State Farm Mutual Automobile Insurance Company ("State Farm") when the accident occurred. See Palmer's Motion, ¶6. Pursuant to its insurance contract with Palmer, State Farm entered into a settlement agreement with Carol and Silvio Martell in the amount of $70,000. Id. A copy of the settlement agreement is attached as Exhibit A to Palmer's Motion. According to the settlement agreement, Palmer and State Farm did not release any contribution, indemnification or subrogation claims which they have against Howell, Hurd or Budget. See Palmer's Motion, Exhibit A.

By order dated September 14, 2004, this court granted Palmer's motion for a default judgment against Howell and Hurd. On that same date, judgment in the amount of $70,000 was entered in favor of Palmer and against Howell and Hurd.

In June 2005, Palmer served Budget with Interrogatories in Attachment. In particular, one interrogatory requested the identity of "the provider of financial responsibility" for the vehicle owned by Budget and rented to Hurd, which was operated by Howell at the time of the accident. See Palmer's Motion, Exhibit B, Interrogatory No. 7. Budget responded as follows:

4

> None. The contract signed by Mr. Hurd clearly stated that there would be no liability coverage for use of the vehicle by an unauthorized driver. It is clear from the deposition testimony of Arlene Howell and Michael Hurd that Arlene Howell was an unauthorized user of the vehicle on the day of the accident. Therefore there is no liability coverage for either Michael Hurd or Arlene Howell in this case in light of Mr. Hurd's breach of the rental agreement.

Id. The parties agree that Howell was an unauthorized driver of the Budget rental vehicle when the accident occurred. See Palmer's Motion, ¶13; Budget's Response, ¶13.

### Analysis

Despite the fact that Howell was an unauthorized driver of the rental vehicle, Palmer argues that Budget still must provide coverage to Hurd in the amount of $15,000. According to Palmer, although the Budget rental agreement disclaims liability coverage if there is a violation of a use restriction, as was the case here, the rental agreement nevertheless qualifies that limitation by requiring Budget to provide personal injury protection in compliance with the minimum requirements of the state's applicable law, in this case the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 Pa.C.S.A. §§1701-1799.7. Thus, Palmer contends Budget must provide Hurd with coverage in the amount of $15,000 under the MVFRL, which Palmer then is entitled to recover because of the default judgment entered against him.

Budget disagrees, arguing that it has denied coverage to Hurd

5

AO 72
(Rev. 8/82)

based on the language of the rental agreement and the Pennsylvania Superior Court's holding in <u>Searfoss v. Avis Rent-A-Car Systems, Inc.</u>, 503 A.2d 950 (Pa. Super. 1986). According to Budget, the terms of the rental agreement void any payment for personal injury or property damage if there is a violation of a use restriction, such as Howell's unauthorized use of the vehicle Budget rented to Hurd.

The rental agreement provides in paragraph 3, entitled "Use Restrictions" that "[t]he vehicle will not be used or operated by anyone who is not an authorized driver." <u>See</u> Palmer's Motion, Exhibit C, ¶3A. The rental agreement further provides, with respect to personal injury and property damage, that if there is no violation of a use restriction, Budget will provide protection for bodily injury (including death) and property damage resulting from use or operation of the vehicle with certain limitations not relevant here. <u>Id</u>., ¶5. Paragraph 5 of the rental agreement further states as follows:

> IF THERE IS A VIOLATION OF A USE RESTRICTION BUT APPLICABLE LAW REQUIRES THAT BUDGET PROVIDE ALL OR PART OF THE PROTECTION DESCRIBED ABOVE, THE SAME LIMITATIONS APPLY.
> TO THE EXTENT APPLICABLE LAW REQUIRES THAT BUDGET PROVIDE PROTECTION OTHER THAN AS DESCRIBED ABOVE, IT WILL NOT EXCEED THE MINIMUM FINANCIAL RESPONSIBILITY LIMITS AND/OR MINIMUM NO-FAULT BENEFITS.

<u>Id</u>.

Palmer believes the above-quoted language to the effect that

6

"if there is a violation of a use restriction but applicable law requires that Budget provide all or part of the protection [described in paragraph 5]" qualifies the limitation on coverage in the rental agreement for violation of a use restriction and requires Budget to provide coverage to Hurd. Palmer points to §1786 of the MVFRL as the applicable law which compels this conclusion.

The court agrees with Budget that Budget does not owe any liability coverage to Hurd. Palmer relies on the qualifying language of paragraph 5 of the rental agreement, but she has not cited to any "applicable law" that would require Budget to provide liability coverage even though there was a violation of a use restriction. Section 1786 of the MVFRL, upon which Palmer relies, simply requires that "[e]very motor vehicle of the type required to be registered under this title which is operated or currently registered shall be covered by financial responsibility." 75 Pa.C.S.A. §1786(a). Just because §1786 requires every motor vehicle to be covered by financial responsibility does not mean that Budget must provide liability coverage in any given situation, regardless of the facts underlying the claim for coverage. No other provision of the MVFRL requires a self-insured, such as Budget, to provide liability coverage in a situation such as this where one who has rented a vehicle from a self-insured car rental agency violated the terms of the rental

AO 72
(Rev. 8/82)

agreement.

Furthermore, as stated by Budget, the Pennsylvania Superior Court's decision in Searfoss precludes Palmer's claim that Hurd is entitled to liability coverage. In Searfoss, one of the plaintiffs was the lessee of a rental vehicle who brought suit for a declaratory judgment that a car rental agency had a duty to provide insurance coverage when the lessee's son was involved in an accident while driving the rental car. The father had rented the vehicle and allowed his son, who was not an authorized driver under the terms of the rental agreement, to drive the vehicle. The son was involved in an accident and was killed. The father claimed, in light of Pennsylvania's No-Fault Act, the predecessor to the MVFRL, that the car rental agency was required to provide coverage in spite of the terms of the rental agreement which precluded unauthorized drivers from driving the vehicle. The Pennsylvania Superior Court affirmed the denial of liability coverage because the son was not an authorized driver under the rental agreement. Searfoss, 503 A.2d at 952-53. In reaching this decision, the Superior Court rejected the father's attempt to frame the issues in terms of insurance coverage responsibilities. The Superior Court stated that its task was "to determine whether [the father] established that [his son] was driving the Avis vehicle with the expressed or implied permission of Avis." Id. at 952. The court then held that a car rental agency had no duty to

8

provide coverage where an unauthorized driver drove the rented vehicle in violation of the rental agreement.

Palmer has not cited to any statute or case law in Pennsylvania to the contrary. For these reasons, summary judgment will be entered in favor of Budget and against Palmer.

An appropriate order will follow.

*Gustave Diamond*
Gustave Diamond
United States District Judge

Date: March 28, 2007

cc:   All counsel of record

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CAROL MARTELL AND )
SILVIO MARTELL, )
wife and husband, )
        Plaintiffs, )
    )
  v. )
    )
ELIZABETH L. PALMER, ARLENE )
E. HOWELL, BUDGET RENTAL )
COMPANY, DONALD P. CELLA, JR., )
A.T.D. CONTRACTING, INC. and )  Civil Action No. 01-1071
JOHN DOE RESPONSIBLE PARTIES )
1-5 INCLUSIVE, )
        Defendants, )
    )
  v. )
    )
MICHAEL HURD, )
        Third-Party )
        Defendant, )
    )
  v. )
    )
BUDGET RENT-A-CAR SYSTEMS, INC., )
        Garnishee. )

<u>ORDER OF COURT</u>

AND NOW, this 28th day of March, 2007, for the reasons set forth in the opinion filed this day, IT IS ORDERED that the motion for summary judgment filed by defendant/third-party plaintiff Elizabeth L. Palmer (Document No. 87) be, and the same hereby is, denied, and the motion for summary judgment filed by garnishee

Budget Rent-A-Car Systems, Inc. (Document No. 92) be, and the same hereby is, granted.

Gustave Diamond
United States District Judge

cc:   All counsel of record